UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER GARZA,

    Plaintiff,

v.                                                          CASE NO.:

BOWLAND PORT CHARLOTTE, INC., a Florida
Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JENNIFER GARZA ("Ms. Garza" or "Plaintiff") files this Complaint against Defendant, BOWLAND PORT CHARLOTTE, INC. ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, his attorneys' fees and costs, and any and all relief available under the FMLA.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Collier County, Florida.

5. At all times relevant hereto, Plaintiff was an employee of Defendant and resided in Collier County, Florida.

6. Defendant is a Florida Profit Corporation that provides entertainment and food services in, among others, Collier County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) necessitated medical leave for her child's serious health condition; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

**FACTUAL ALLEGATIONS**

9. Ms. Garza worked as a Cashier for Defendant in its Naples, Florida, location from January 9, 2017, until her termination on August 5, 2019.

10. In late 2018, Ms. Garza's son was examined by a neurologist due to some anomalies in his development and motor skills, etc., and additional testing and therapy were prescribed.

11. At first, things went well with Ms. Garza's son.

12. Thereafter, Ms. Garza's son was diagnosed with DiGeorge syndrome, a disorder caused by the deletion of a small segment of chromosome 22.

13. Ms. Garza learned that she would need to bring her son to specialists such as a gastroenterologist in order to treat and monitor his serious health condition.

14. Ms. Garza discussed her son's condition with her manager, Luis Diaz, explaining about his serious health condition and need for intermittent time off to attend to his medical appointments.

15. Ms. Garza's disclosure of her son's serious health condition should have prompted Defendant and its management to inform Ms. Garza of her rights and obligations under the FMLA.

16. Defendant failed to apprise Ms. Garza of her FMLA rights, however.

17. After Ms. Garza disclosed her son's serious health condition and need for intermittent time off to attend to same, Mr. Diaz's attitude toward Ms. Garza changed.

18. Mr. Diaz and some of Ms. Garza's co-workers were occasionally called upon to cover for some of Ms. Garza's responsibilities when Ms. Garza had to attend medical appointments with her son.

19. Mr. Diaz told Ms. Garza, "if your son's condition were really all that grave, he surely would have had surgery to correct it already."

20. Defendant then retaliated against Ms. Garza by changing her to a less favorable start time for her shift.

21. After Ms. Garza disclosed her son's serious health condition and need for time off to attend to same, Defendant's management forbade Ms. Garza from bringing him to work for an hour on occasion to wait for his father to pick him up; meanwhile, Defendant permitted other workers to have their children at work for their entire shift.

22. Defendant also then forced Ms. Garza pay her tab for food at full price without the customary 50% employee discount, unlike other employees.

23. Other employees still enjoyed running tabs for food and received the 50% discount for food consumed while on the clock.

24. In ways large and small, verbal and non-verbal, Defendant retaliated against Ms. Garza for her son's disabling serious health condition and for her need to attend to same.

25. In early May of 2019, Ms. Garza learned that her son would indeed need to have surgery on his heart to address and treat his disabling serious health condition.

26. After she informed Defendant's management of this, the discrimination, interference, and retaliation worsened.

27. When servers would sneak out of work early, Defendant blamed Ms. Garza.

28. If the staff at the bar failed to roll silverware properly, Defendant's management blamed Ms. Garza even though she did not work the bar.

29. In late July of 2019, Ms. Garza informed Mr. Diaz and her other managers that she would use two (2) weeks of paid time off that she had earned to handle her son's surgery.

30. In response, on August 5, 2019, Defendant informed Ms. Garza that it was terminating her employment, effective immediately.

31. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity, and the illegal actions taken against her by Defendant.

32. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of what should have been approved FMLA protected leave.

33. Any reason stated for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

34. Defendant did not have a legitimate reason for Plaintiff's termination.

35. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

36. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above.

38. At all times relevant hereto, Plaintiff was protected by the FMLA.

39. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

40. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

41. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36, above.

44. At all times relevant hereto, Plaintiff was protected by the FMLA.

45. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

46. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave and for her request for FMLA leave

47. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

48. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

49. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 17th day of March 2020.

        Respectfully Submitted,

        By**:/s *Noah E. Storch***
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        Richard Celler Legal, P.A.

10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Attorneys for Plaintiff*